IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRYAN CHRISTOPHER O'ROURKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 18-CV-547-GKF-JFJ |
| ) | |
| DAVID PARKER, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is Bryan Christopher O'Rourke's 28 U.S.C. § 2241 habeas corpus petition (Dkt. 1). Also before the Court are his motions to proceed *in forma pauperis* (Dkt. 2, 4) and his motion to expedite ruling (Dkt. 5). O'Rourke, a pretrial detainee, alleges the state court fixed an excessive bond and otherwise violated his due process rights. *See* Dkt. 1 at 6-7. For the reasons below, O'Rourke must show cause why the petition should not be dismissed for failure to exhaust state remedies.

**I. Background**

O'Rourke was charged with four counts of child sexual abuse (OKLA. STAT. tit. 21, § 843.5) and five counts of lewd molestation (OKLA. STAT. tit. 21, § 1123) in August of 2017. *See* Dkt. 1 at 41-42; Tulsa County District Court Case No. CF-2017-4236.[2] The state court initially fixed a bond

---

[1]   O'Rourke is incarcerated at the David L. Moss Criminal Justice Center (DMCJC) in Tulsa, Oklahoma. *See* Dkt. 1 at 1. David Parker, the warden of DMCJC, is therefore substituted in place of the other party respondents, which include the Tulsa Sheriff and various attorneys. *See* Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

[2]   O'Rourke attached the state court docket sheet to the Petition. To view specific pleadings on the docket sheet, the Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

of $200,000, which O'Rourke posted. *Id.* at 6, 42-43. O'Rourke retained attorney Brian Danker as defense counsel. *Id.* at 14; 47. However, Danker withdrew on January 3, 2018. *Id.*

On February 12, 2018, police arrested O'Rourke after he failed a drug test. *See* Dkt. 1 at 14. The District Attorney filed a motion to hold O'Rourke without bond. *Id.* at 14, 51. The state court denied the motion but fixed a new bond of $900,000, which O'Rourke cannot pay. *Id.* O'Rourke alleges the state court, and specifically Judge Greenough, relied on inaccurate or false information in fixing the bond amount. *Id.* at 14-18. O'Rourke filed a series of motions to reduce the bond between March and July of 2018, but the state court denied each motion. *Id.* at 52- 54. On September 28, 2018, O'Rourke renewed his request to reduce the bond and filed a motion to disqualify the presiding state court judge. *See* Motion to Recuse in Case No. CF-2017-4236. The state court docket reflects those motions are still pending. *See generally* Case No. CF-2017-4236.

O'Rourke filed the § 2241 petition (Dkt. 1) on October 22, 2018. He raises the following grounds for relief:

> (Ground 1): O'Rourke spent eight months in pretrial detention based on his inability to pay, which violates the Constitution.
>
> (Ground 2): The bond is excessive.
>
> (Ground 3): The state court entered the detention order without finding a compelling government interest and without adhering to procedural safeguards.
>
> (Ground 4): O'Rourke was detained without the assistance of counsel.
>
> (Ground 5): The prosecutor engaged in misconduct, and the state judge was indifferent.
>
> (Ground 6): Counsel rendered ineffective assistance.
>
> (Ground 7): Police conducted an illegal search and seizure.
>
> (Ground 8): O'Rourke was detained because he could not afford counsel.

*See* Dkt. 1 at 6-9.

O'Rourke asks the Court to: (a) assume jurisdiction over his pending criminal case; (b) void all proceedings and order his immediate release; (c) enter a declaratory judgment that his constitutional rights were violated; (d) censure the attorneys and judge involved in his criminal case; (e) appoint counsel; and (f) award damages. *Id.* at 10-12. After filing the petition, O'Rourke submitted a supporting brief (Dkt. 3), two *in forma pauperis* motions (Dkt. 2, 4), and a motion to expedite the ruling (Dkt. 5).

## II. *In Forma Pauperis* Motions

In his *in forma pauperis* motions, O'Rourke seeks to prosecute this § 2241 action without prepaying the $5.00 filing fee. *See* Dkt. 2, 4. Such relief is available where the petitioner's affidavit and statement of assets demonstrates he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). O'Rourke's financial documents reflect he has no income or savings. *See* Dkt. 2 at 1-2; Dkt. 4 at 1-2. The Court will therefore grant the *in forma pauperis* motions (Dkt. 2 and 4). O'Rourke remains obligated to pay the filing fee in full at a later time. *See* 28 U.S.C. § 1915(a).

## III. Request to Appoint Counsel

O'Rourke also asks the Court to appoint counsel in this habeas proceeding. *See* Dkt. 1 at 11-12. There is no constitutional right to habeas counsel. *Coronado v. Ward,* 517 F.3d 1212, 1218 (10th Cir. 2008). Unless and until an evidentiary hearing is warranted, "[t]he decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the petitioner "to convince the court that there is sufficient merit

3

to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citations omitted).

Considering the above factors, the Court is not convinced that counsel should be appointed at this time. The claims are not particularly complex, and, as discussed below, it is questionable whether O'Rourke will prevail. Based on the filings, it also appears O'Rourke is capable of prosecuting this action. The request for counsel will therefore be denied.

## IV. Initial Review of Petition

The petition is governed by Habeas Corpus Rule[3] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (relief is available where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention."). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "Sua sponte consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure

---

[3] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

4

to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also Bohanon v. Schnurr,* 2018 WL 5778962, at *1 (10th Cir. Nov. 1, 2018) (denying certificate of appealability where district court *sua sponte* dismissed § 2241 petition for failing to exhaust state remedies).[4]

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

O'Rourke attached the state court docket to his petition, which reflects he has not presented the federal issues to the Oklahoma Court of Criminal Appeals (OCCA). *See* Dkt. 1 at 38-54. The available corrective state process also appears sufficient in this case. OKLA. STAT. tit. 22, § 1079 provides that if bail is denied, or "the amount fixed [is] excessive, the defendant shall be entitled to review of the action of the trial court and its reasons for refusing bail, by habeas corpus proceedings before the appellate court…."[5] OKLA. CT. CRIM. APP. R. 10.1 further provides that the OCCA may

---

[4] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[5] The language of Section 1079 refers to "bail on appeal." However, the applicable rules of criminal procedure state Section 1079 also governs bail pending trial. *See* Okla. Ct. Crim. App. R. 1.2 ("*Bail Pending Trial or Appeal.* Excessive bail or denial of bail is governed by habeas corpus proceedings pursuant to Section 1079 of Title 22 and Section X of these Rules.") (Italicized title in original).

entertain writs of habeas corpus arising out of criminal matters "if petitioner has been denied relief in the District Court." O'Rourke may also invoke the general state habeas statute (OKLA. STAT. tit. 12, § 1331) which is available to "every person restrained of his liberty." Finally, to the extent O'Rourke raises constitutional issues beyond his pretrial confinement, such as due process violations and ineffective assistance of counsel, the proper corrective avenue is a direct appeal. *See Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) ("[H]abeas corpus is … not a substitute for ordinary error correction through appeal.").

Accepting O'Rourke allegations as true, it does not appear he is eligible for federal habeas review. The Court will therefore deny the motion seeking an expedited ruling (Dkt. 5) and require O'Rourke to show cause why the § 2241 petition should not be summarily dismissed for failing to exhaust state remedies. O'Rourke is warned that even if he overcomes the exhaustion requirement, this Court's review will be limited to whether his pretrial confinement violates federal law. *See* 28 U.S.C. § 2241; *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). This Court cannot assume jurisdiction over, or otherwise interfere with, the ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Clerk of Court shall note the substitution of David Parker as party respondent.

2. The motions to proceed *in forma pauperis* (Dkt. 2, 4) are **granted**.

3. The motion to expedite ruling (Dkt. 5) is **denied.**

4. O'Rourke's request for counsel is **denied.**

5. No later than **December 10, 2018**, O'Rourke must show cause in writing why his § 2241 petition (Dkt. 1) should not be summarily dismissed under Habeas Corpus Rule 4 for failure

to exhaust state remedies. If O'Rourke concedes the point or otherwise declines to timely respond, the Court will dismiss the petition without prejudice to refiling after he exhausts state remedies.

**ENTERED** this 13th day of November, 2018.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE