IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BRYAN CHRISTOPHER O'ROURKE,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Petitioner,　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Case No. 18-CV-547-GKF-JFJ
　　　　　　　　　　　　　　　　　)
DAVID PARKER, Warden,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Respondent.　　)

## OPINION AND ORDER

Before the Court is Bryan Christopher O'Rourke's show-cause responses addressing the failure to exhaust his 28 U.S.C. § 2241 habeas claims (Dkts. 7-12). For the reasons below, the Court will dismiss the petition.

**I. Background**

O'Rourke was charged with four counts of child sexual abuse (OKLA. STAT. tit. 21, § 843.5) and five counts of lewd molestation (OKLA. STAT. tit. 21, § 1123) in August of 2017. *See* Dkt. 1 at 41-42; Tulsa County District Court Case No. CF-2017-4236.[1] The state court initially fixed a bond of $200,000, which he posted. *Id.* at 6, 42-43. A few months later, police arrested O'Rourke after he failed a drug test. *See* Dkt. 1 at 14. The state court fixed a new bond of $900,000, which O'Rourke could not pay. *Id.* The state court also set a trial for February 11, 2019. *See* Dkt. 7 at 7.

---

[1] O'Rourke attached the state court docket sheet to the Petition. To view pleadings filed after his Petition, the Court took judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

O'Rourke filed a § 2241 Petition (Dkt. 1) on October 22, 2018. He alleges the state court fixed an excessive bond and otherwise violated his due process rights. *See* Dkt. 1 at 6-7. The state docket reflects O'Rourke has not presented his habeas arguments to the Oklahoma Court of Criminal Appeals (OCCA). *See* Dkt. 1 at 38-54. By an Opinion and Order entered November 13, 2018, the Court therefore directed him to show cause why the Petition should not be dismissed for failure to exhaust state remedies. *See* Dkt. 6.

O'Rourke filed a 68-page motion in response to the Opinion (Dkt. 7), along with five supplemental filings (Dkts. 8-12). He contends exhaustion should be excused because the OCCA will not review his bond or habeas petition before the February 11, 2019 trial. *See* Dkt. 7 at 7, 13. O'Rourke also points to various constitutional defects in his state criminal proceeding, including prosecutorial misconduct, judicial bias, ineffective of counsel, and double jeopardy. *Id.* at 26, 30; *see also* Dkt. 8 at 1; Dkt. 9 at 2-3; Dkt. 10 at 1. His main concern appears to be "facing false conviction" in February, and he therefore asks the Court to enjoin the state prosecution. *See* Dkt. 7 at 16, 17, 19, 21, 47; *see also* Dkt. 9 at 2.

**II. Discussion**

A. The Appropriate Standard of Review

As an initial matter, O'Rourke contends § 2241, rather than 28 U.S.C. § 2254, applies to his habeas claims. *See* Dkt. 7 at 2-5; Dkt. 10 at 1. After reviewing the prior Opinion - which applies § 2241 - it appears O'Rourke's argument is directed at two things. First, the Court, in its discretion, applied the Rules Governing § 2254 Cases to this § 2241 proceeding. *See* Dkt. 6 at 4, n. 3; *see also* Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district court acted within its discretion by applying Section 2254 Rules to a § 2241 petition).

For clarification, the application of Rule 1(b) does not impose a different, or more stringent, legal standard on § 2241 claims. The rule simply allows the Court to review a habeas petition *sua sponte* before ordering a response.

O'Rourke also appears to believe § 2241 petitioners are not required to exhaust state remedies. However, as the prior Opinion noted, binding Tenth Circuit law imposes the exhaustion requirement "whether [the] action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). O'Rourke must therefore comply with *Montez*, even though § 2241 governs the Petition.

### B. Excusal of the Exhaustion Requirement

The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). In other words, there must be "no opportunity to obtain redress in state court" or the corrective process must be "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The first exception is directed at whether "Oklahoma courts are open to [O'Rourke]." *Farris v. Allbaugh*, 698 Fed. App'x 950, 958 (10th Cir. 2017).[2] As noted in the prior Opinion, Oklahoma law permits appellate review of excessive bond claims and habeas petitions. *See* OKLA. STAT. tit. 22, § 1079 (defendants are entitled to review of a bond "by habeas corpus proceedings before the appellate court"); OKLA. CT. CRIM. APP. R. 10.1 (allowing the OCCA to entertain habeas proceedings); OKLA. STAT. tit. 12, § 1331 (habeas review is available "to every person restrained of his liberty"). The corrective-process exception is therefore inapplicable. *See Albright v.*

---

[2] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. *See* FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

*Raemisch*, 601 Fed. App'x 656, 659 (10th Cir. 2015) (declining to excuse exhaustion where statute permitted appellate review, and petitioner "simply failed to … present his claims to the Colorado Supreme Court").

O'Rourke appears to argue the exhaustion requirement should be excused under the circumstances of his case. He notes the OCCA cannot grant relief by the February 11, 2019 trial date, and without immediate intervention by the Federal Court, he will be forced to "face false conviction." *See* Dkt. 7 at 7, 11-13. This argument fails, for two reasons. First, habeas review is limited to whether O'Rourke's pretrial custody violates federal law. *See* 28 U.S.C. § 2241(c). A "pretrial habeas corpus" petition cannot be used to "dismiss an indictment or otherwise prevent a prosecution." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). O'Rourke's predictions regarding future error are therefore insufficient to overcome the exhaustion requirement.

Further, to the extent O'Rourke legitimately challenges his pretrial detention, but contends exhaustion would be impossible at this stage, the emergency is self-created. The exhaustion requirement need not be excused where, as here, "the delay is partially attributable to the petitioner." Brian R. Means, *Federal Habeas Manual*, § 13.44 § 9C:49. *See also Sims v. Snedeker*, 167 Fed. App'x 47, 49 (10th Cir. 2006) (refusing to excuse exhaustion where petitioner failed to show "substantial delay … attributable to state officials"); *Body v. Watkins*, 51 Fed. App'x 807, 811 (10th Cir. 2002) (exhaustion cannot be excused where delay was attributable to petitioner or his counsel). The state court revoked O'Rourke's bond on March 9, 2018. *See* Dkt. 1 at 2. Instead of immediately seeking appellate review, he waited until October 22, 2018 to file the § 2241 Petition. *Id.* O'Rourke has not explained the delay or otherwise demonstrated any external factor prevented him from pursuing an appeal. He simply notes the OCCA has a backlog of between six months to one year, and "appeals cost time and money." Dkt. 7 at 13. The fact that Federal Court


appeared more convenient does not establish the Oklahoma appellate system was "ineffective" in this case. *See Magar*, 490 F.3d at 818.

Finally, as further evidence that exhaustion should be not excused, the Court notes O'Rourke's bond was reduced to $600,000 in December 2018. *See* Dkt. 9 at 4. Although he is still unhappy with that amount, additional state remedies were clearly available when O'Rourke filed this case.

Based on the foregoing, O'Rourke has not demonstrated grounds to excuse the exhaustion requirement. As to O'Rourke's requests for ancillary relief, the Court also declines to:

(A) Allow a class action lawsuit on behalf of all similarly situated pretrial detainees;

(B) Enjoin the state court criminal proceeding;

(C) Enter a declaratory judgment that the state judge and prosecutor have been "vindictive;"

(D) Include other parties as respondents;

(E) Reconsider its prior Opinion;

(F) Allow O'Rourke to amend his Petition;

(G) Order an answer and grant habeas relief on an emergency basis; or

(H) Otherwise predict or police potential error during the criminal trial, including due process violations, evidentiary issues, ineffective assistance of counsel, judicial bias, or prosecutorial misconduct.[3]

*See* Dkt. 7 at 26, 30, 43, 45, 47, 64-67; *see also* Dkt. 9 at 2-5; Dkt. 10 at 1; Dkt. 11 at 2-4; Dkt. 12 at 1-3.

---

[3] The Court notes that even if it were appropriate to raise those issues through a pretrial § 2241 proceeding, rather than a post-trial § 2254 proceeding, each claim would still need to be exhausted.

The Court will therefore dismiss the Petition (Dkt. 1) and deny all pending motions (Dkts. 7-9, 11, 12). The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as O'Rourke has not demonstrated reasonable jurists would likely debate this ruling or find a constitutional violation. *See* 28 U.S.C. § 2253(c)(2) (setting forth the standard for granting a certificate of appealability); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. All pending motions (Dkts. 7, 8, 9, 11, and 12) are **denied**.

2. The petition for a writ of habeas corpus (Dkt. 1) is **dismissed**.

3. A certificate of appealability is **denied**.

4. A separate judgment will be entered herewith.

**ENTERED** this 22nd day of January, 2019.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE